J. H. ARMSTRONG AND BIRD ARMSTRONG, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3297.    Promulgated March 2, 1927.

*J. M. McMillin, Esq.*, for the petitioners.
*Robert A. Littleton, Esq.*, for the respondent.

LOVE: This is a proceeding to redetermine deficiencies in income tax for 1923 in the following amounts, respectively: J. H. Armstrong, $171.86; Bird Armstrong, $133.69. The only question is whether the petitioners are entitled to deduct certain alleged business expenses.

### FINDINGS OF FACT.

The petitioners are husband and wife and reside in Dallas, Tex. For 1923 they made separate income-tax returns of community income, and each claimed as a deduction one-half of the amount

alleged to have been paid by the husband as ordinary and necessary expenses of carrying on his business.

J. H. Armstrong is a traveling salesman representing four firms, whose offices are in New York City. He was employed entirely on a commission basis, and bore his own traveling and other expenses incurred in carrying on his occupation. He received different rates of commission from his different employers and the rates on sales to jobbers were different from those to retailers. The rates ranged from 1 to 5 per cent and averaged about 2½ per cent. In 1923 he sold more than $560,000 worth of goods and his commissions aggregated $13,630.51. The petitioner deducted as ordinary and necessary expenses of carrying on his business $5,850. The Commissioner disallowed this deduction in full and determined the deficiency accordingly.

Armstrong's territory embraced the States of Texas, Oklahoma, Arkansas, Mississippi and Louisiana; he also visited Memphis and Jackson, Tennessee. In 1923 he was away from Dallas on his business about three-fourths of the time. He traveled to the different towns in which he sold goods in this territory from two to six times during the year except those near Dallas, to which he went more frequently. Twice during the year it was necessary to visit the headquarters in New York City of the concerns he represented, and he also met some of his customers while in that city. He was in New York City on these trips a total of ninety days. He spent money for railroad fares, hotel rooms, including sample rooms, meals, baggage transfer and other traveling expenses, and for entertainment of customers. He expended for these purposes in the taxable year in carrying on his business the sum of $5,000.

*Judgment will be entered on 15 days' notice, under Rule 50.*